IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

      Plaintiff and Counterdefendant,

    vs.                                                                                                               No. CIV 99-0577 JC/WWD

GALEN D. KNIGHT, an individual; and
TERENCE J. SCALLEN, an individual,

      Defendants and Counterplaintiffs.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Counterclaim, filed September 13, 1999 *(Doc. 19)*. Plaintiff moves the Court to dismiss Defendant Knight's counterclaims 2 (intentional interference with prospective economic advantage), 3 (malicious abuse of process), 4 (slander of inventorship), and 5 (breach of fiduciary duty). Plaintiff also moves to dismiss Defendant Scallen's counterclaims 3 (breach of duty of care of good faith and fair dealing), 4 (breach of duty), and 5 (damages resulting from the conduct, acts, and omissions of the University of New Mexico (UNM)).[1] These counterclaims sound in tort and seek monetary damages as compensation. As grounds for this motion to dismiss, Plaintiff asserts Eleventh Amendment immunity and no waiver of immunity under the New Mexico Tort Claims Act (Tort Claims Act), NMSA 1978, §§ 41-4-1 through 41-4-27 (1976).

---

[1] Scallen asserts that counterclaims 3, 4, and 5 are actually breach of contract claims. As written, those counterclaims appear to be tort claims and so will be treated as such. Scallen can, of course, move to amend his counterclaims to allege breach of contract claims.

I.      **Background**

Plaintiff brings this lawsuit pursuant to the federal patent laws of Title 35 of the United States Code and invokes supplemental jurisdiction over its state claims. Counts I and II seek a declaration of ownership of the vitaletheine and beta-alethine[2] patents, patent applications and trade secrets. Count II seeks a determination and correction of the inventorship of certain vitaletheine patents. Count III alleges breaches of the UNM Intellectual Property Policy and the UNM Co-Inventor Agreement entered into with Defendants. Count V alleges an intentional interference with the License Agreement between UNM and Dovetail Technologies. Count VI alleges conversion of certain property, or in the alternative, replevin. The last count, Count VII, alleges slander of title. Plaintiff seeks in its Complaint declaratory and injunctive relief. Plaintiff also seeks attorney fees and costs which pursuant to the Intellectual Property Policy would be offset against any royalties UNM is otherwise required to pay Defendants.

II.     **Discussion**

    A.     **Eleventh Amendment Immunity**

Defendants are apparently suing Plaintiff, the UNM Board of Regents, in its official capacity as a board rather than as individual regents in any kind of individual capacity. As such, Plaintiff is considered an arm of the state and is generally entitled to Eleventh Amendment immunity. *See Buchwald v. University of N.M. Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998) (UNM Board of Regents is an arm of the state entitled to Eleventh Amendment immunity). However, "[b]y bringing suit in federal court, a state voluntarily submits to the court's jurisdiction over any

---

[2] Vitaletheine and beta-alethine are compounds used in treating diseases.

counterclaim which arises from the same transaction or occurrence which is the subject of the state's claim." *In re Department of Energy Stripper Well Exemption Litig.*, 763 F. Supp. 498, 502 (D. Kan. 1991), *aff'd by* 956 F.2d 282 (Temp. Emergency Ct. App. 1992) (citation omitted). Such a counterclaim is cognizable only if it is asserted "'defensively, by way of recoupment, for the purpose of defeating or diminishing the State's recovery, but not for the purpose of obtaining an affirmative judgment against the State.'" *Georgia Dep't of Human Resources v. Bell*, 528 F. Supp. 17, 26 (N.D. Ga. 1981) (quoting *Burgess v. M/V Tamano*, 382 F. Supp. 351, 356 n.6 (D. Me. 1974)). For example, when a state's complaint seeks no monetary damages but the counterclaim does seek monetary damages, that counterclaim does not defeat or diminish the state's recovery but instead seeks an affirmative judgment against the state. *Id*. Accordingly, that counterclaim would be barred by the Eleventh Amendment. *Id*.

In this case, the counterclaims arise from the same occurrences that are the subject of the complaint. Plaintiff's complaint, however, seeks declaratory and injunctive relief along with attorney fees and costs, while the counterclaims at issue seek monetary damages. That being so, the counterclaims cannot defeat or diminish Plaintiff's request for declaratory and injunctive relief. Neither can one find that the counterclaims defeat or diminish Plaintiff's request for attorney fees and costs, because such fees and costs "are not in the nature of a recoupment or set-off." *Woelffer v. Happy States of America, Inc.*, 626 F. Supp. 499, 503 (N.D. Ill. 1985) (although both the state plaintiff and counterclaimant sought attorney fees and costs, the counterclaim for attorney fees and costs was barred by the Eleventh Amendment as an impermissible affirmative judgment against the state plaintiff). In sum, the counterclaims at issue seek an affirmative judgment against Plaintiff.

Consequently, the Eleventh Amendment bars those counterclaims and they should be dismissed for that reason.

### B. The Tort Claims Act

Under the Tort Claims Act, state parties are entitled to immunity for the commission of any tort unless the Tort Claims Act provides an explicit waiver of that immunity. NMSA 1978, § 41-4-4. In this situation, the Tort Claims Act does not provide any explicit waiver for the kinds of assertions made in the counterclaims at issue. *See* NMSA 1978, §§ 41-4-5 to 41-4-12. Accordingly, those counterclaims are not allowed by the Tort Claims Act and are barred by immunity.

Defendants argue, however, that a state's immunity in a federal patent case such as this one is abrogated by 35 U.S.C. § 296. The United States Supreme Court recently held that § 296 cannot abrogate states' sovereign immunity. *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, ____ U.S. ____, 119 S. Ct. 2199 (1999). Consequently, Defendants' abrogation of immunity argument is without merit. In conclusion, I find that Plaintiff's motion to dismiss certain counterclaims is well taken and should be granted.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Dismiss Counterclaim *(Doc. 19)* is **granted**.

IT IS FURTHER ORDERED that Defendant Knight's counterclaims 2 (intentional interference with prospective economic advantage), 3 (malicious abuse of process), 4 (slander of inventorship), and 5 (breach of fiduciary duty) are **dismissed** with prejudice.

IT IS ALSO ORDERED that Defendant Scallen's counterclaims 3 (breach of duty of care of good faith and fair dealing), 4 (breach of duty), and 5 (damages resulting from the conduct, acts, and omissions of the university) are **dismissed** with prejudice.

DATED this 2nd day of December, 1999.

*[signature: John Edwards Conway]*
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Sean Olivas<br>Keleher & McLeod<br>Albuquerque, New Mexico |
| | Stephen A. Slusher<br>Paul Adams<br>Peacock, Myers & Adams, P.C.<br>Albuquerque, New Mexico |
| *Pro Se* Defendants: | Galen D. Knight<br>Albuquerque, New Mexico |
| | Terence J. Scallen<br>Borrego Springs, California |