# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

        Plaintiff and Counterdefendant,

        vs.                                                                          No. CIV 99-0577 JC/WWD

GALEN D. KNIGHT, an individual; and
TERENCE J. SCALLEN, an individual,

        Defendants and Counterplaintiffs.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Judgment on the Pleadings, or in the Alternative, Summary Judgment, as to Counts I and II of the Complaint, filed September 13, 1999 *(Doc. 21)*. Counts I and II ask for declarations of ownership of the vitaletheine and beta-aletheine patents, patent applications, and trade secrets.

## I.    Background

Defendants Knight, Ph.D., and Scallen, M.D., Ph.D., were employed at the University of New Mexico (UNM) when they created certain biotechnical inventions using UNM funds and property and funds paid to UNM by third parties. These inventions involved two kinds of small molecules called vitaletheine and beta-aletheine, including derivative, analog and related substances which could be used for treatment of cancer and other diseases and for use in cell culture. As a result of these inventions, five different patent applications were made in July 1990. Three of those patent applications related to vitaletheine for cancer therapy or neoplasia, treatment of other diseases, and

use in cell culture.  The remaining two patent applications related to beta-aletheine for use as an anti-tumor agent and for cell culture as well as other therapeutic uses.  At the time the July 1990 patent applications were made, Defendants assigned all right, title, and interest in and to the patent applications to UNM.  UNM then entered into a license agreement with Dovetail Technologies (Dovetail) to develop the inventions.  The license agreement contains a provision in which UNM warranties that it has ownership of the inventions.

In 1992, continuation-in-part (CIP) applications[1] were filed as to each of the original 1990 patent applications.  With respect to the CIP applications, Defendants executed declarations that they were the inventors and that they had "assigned, granted, conveyed, or licensed" the rights to the inventions to UNM.  UNM has since asked Defendants to execute a second assignment as to the CIP applications.[2]  Defendants have refused to execute a second assignment because they believe that the amendments to the original patent applications include "new matter" which they contend was erroneously derived by UNM and Dovetail experts without their participation.[3]  Because of Defendants' failure to execute a second assignment to UNM, Dovetail has informed UNM that it is in breach of the license agreement provision in which UNM warranties ownership of the inventions.[4]

---

[1] "A continuation-in-part is an application filed during the lifetime of an earlier nonprovisional application by the same applicant, repeating some substantial portion or all of the earlier nonprovisional application and adding matter not disclosed in the said earlier nonprovisional application."  Manual of Patent Examining Procedure (MPEP) §201.08 (7th version).

[2] MPEP §306 requires that a new assignment be made if CIP applications are to be issued to an assignee.

[3] Amendments to patent applications can only clarify or complete disclosures but not introduce new matter. *Triax Co. v. Hartman Metal Fabricators, Inc.*, 479 F.2d 951, 956-57 (2nd Cir.), *cert. denied*, 414 U.S. 1113 (1973).

[4] One of the CIP applications eventually led to the issuance of U.S. Patent 5,370,868.

**II.     Judgment on the Pleadings**

A FED. R. CIV. P. 12(c) motion for judgment on the pleadings is governed by the same standards as a FED. R. CIV. P. 12(b)(6) motion to dismiss. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). In reviewing a Rule 12(c) motion, the court assumes the veracity of the well-pleaded factual allegations in the pleadings and draws all reasonable inferences in the non-movant's favor. *See Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). "Dismissal is appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Schoultz v. Monfort of Colo., Inc.*, 754 F.2d 318, 321 (10th Cir. 1985)). "The issue is not whether the [non-movant] ultimately will prevail, but whether the [non-movant] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds, Harlow v. Fitzgerald,* 457 U.S. 800 (1982). The harsh remedy of dismissal, however, is to be used cautiously; courts have an obligation to promote the liberal rules of pleading as well as to protect the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). When granting Rule 12(c) motions, courts may give leave to amend and may dismiss causes of action rather than grant judgment. *Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993) (citing *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1978)).

Plaintiff argues that UNM is the owner of the patents and applications by virtue of its Intellectual Property Policy, a part of Defendants' employment contract with UNM. The Intellectual Property Policy states that in this situation "the University shall have the right, title, and interest in an Invention including the sole right to file patent applications thereon throughout the world. . . ." Exhibit 1 at I(A)(2) (attached to Compl. for Declaration of Ownership of Patents, Patent Applications

and Trade Secrets; Determination and Correction of Inventorship of Patents; Breach of Contract; Interference with Contractual Relations; Conversion, or in the Alternative, Replevin; Slander of Title, Including Declaratory and Injunctive Relief, filed May 21, 1999 *(Doc. 1)*). Defendants admit that this Intellectual Property Policy is valid as to any of their inventions which were not improperly modified by UNM. However, as previously stated, Defendants believe that when the CIP applications were filed, their inventions were in effect erroneously amended to produce new matter. Nonetheless, Defendants filed CIP declarations of inventorship and acknowledged that UNM was the assignee. Since the issue of ownership necessarily involves the CIP declarations which are presented outside the pleadings, a motion for judgment on the pleadings is inappropriate. Instead, the better method of analyzing the ownership issue is through a motion for summary judgment.

**III.    Summary Judgment**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). Under FED. R. CIV. P. 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. *Thrasher v. B & B Chemical Co., Inc.*, 2 F.3d 995, 996 (10th Cir. 1993). The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the movant meets this burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts

showing that there is a genuine issue for trial. *Id*. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

In support of its motion for summary judgment, Plaintiff asserts that the Examiner decided the issue of whether an amendment to the patent applications was appropriate by accepting the CIP applications, and so Defendants cannot try to reargue the amendment issue in this Court. The Second Circuit Court of Appeals held in *Triax Co. v. Hartman Metal Fabricators, Inc.*, 479 F.2d 951, 957 (2nd Cir.), *cert. denied*, 414 U.S. 1113 (1973), that "the determination of the Patent Office to admit the later-submitted material, thereby signifying that the Patent Office does not consider it to be 'new matter,' is presumptively correct." (Citations omitted). In this case, Defendants have presented scientific evidence in their responses to the motion for summary judgment which rebut the presumption of the correctness of the Examiner's determination that the CIP applications contain no new matter. Whether the CIP applications present new matter or simply clarify the original patent applications is a question of fact. *See, e.g., Australia Vision Servs. Pty. Ltd. v. Dioptics Med. Prods., Inc.*, 29 F. Supp. 1152, 1160 (C.D. Cal. 1998); *Cardinal of Adrian, Inc. v. Peerless Wood Prods., Inc.*, 515 F.2d 534, 539 (6th Cir. 1975). Because there is a question of fact about whether the CIP applications contain new matter, one cannot determine at this time whether Defendants are required to execute a second assignment. Consequently, summary judgment is inappropriate as well.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Judgment on the Pleadings, or in the Alternative, Summary Judgment, as to Counts I and II of the Complaint, filed September 13, 1999 *(Doc. 21)*, is **denied**.

DATED this 2nd day of December, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Sean Olivas<br>Keleher & McLeod<br>Albuquerque, New Mexico |
| | Stephen A. Slusher<br>Paul Adams<br>Peacock, Myers & Adams, P.C.<br>Albuquerque, New Mexico |
| *Pro Se* Defendants: | Galen D. Knight<br>Albuquerque, New Mexico |
| | Terence J. Scallen<br>Borrego Springs, California |