IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

      Plaintiff,

      vs.                                               No. CIV 99-0577 JC/WWD

GALEN D. KNIGHT, an individual; and
TERENCE J. SCALLEN, an individual,

      Defendants,

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Scallen's Motion for Declaration by the Court of the Correct Applicable University Patent Policy (Motion for Declaration), filed January 24, 2000 *(Doc. 71)*. Defendant Scallen requests that the Court declare the Patent Policy contained in the Faculty Handbook issued on August 1, 1983, as the controlling patent policy in this case. Plaintiff responded to Defendant Scallen's request for such a declaration by arguing that the Motion for Declaration does not address any issue now before the Court and that the 1989 Intellectual Property Policy is applicable to the contested 1992 continuation-in-part (CIP) applications.

**A.**     **Case or Controversy**

In addressing Plaintiff's first concern regarding a lack of any issue before the Court, I note that Article III of the United States Constitution requires that the federal courts adjudicate only cases or controversies. *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). A request for declaratory relief is the

"proper judicial resolution of a 'case or controversy' rather than an advisory opinion" when the court's declaration will settle a "dispute which affects the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (quoted in *Cox*, 43 F.3d at 1348). To meet this standard, the party seeking a declaration must be able to "demonstrate a good chance of being likewise injured [by the opposing party] in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) (quoted in *Cox*, 43 F.3d at 1348). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

In this case, the issue of which patent policy is applicable affects the future royalties and payments to which Defendants may be entitled as well as the continuing working relationship between Defendants and Plaintiff. Consequently, Defendant Scallen has demonstrated that there is a good chance of his being likewise injured by Plaintiff in the future. Accordingly, a declaration that a certain patent policy is applicable to this case will settle a dispute which affects the behavior of Plaintiff towards Defendant Scallen. That being so, I find that Defendant Scallen's motion for a declaration states a case or controversy.

**B.     Which Patent Policy is Controlling?**

"It has been the policy and business practice of the University to apply the University's intellectual property policy in effect as of the date that the inventors disclose the invention to the Patent Administrator's Office." Third Declaration of Annabelle Quintana at ¶ 4 (attached to Resp. to Def. Scallen's Mot. for Decl. of the Correct Applicable University Patent Policy, filed Feb. 7, 2000 *(Doc. 81)*). Dr. Scallen has presented evidence that the University's Patent Administrator, Al Sopp, received Defendants' first invention disclosure as of June 1, 1987. Ex. C (attached to Motion for

Declaration). Although other perhaps more refined Beta-Alethine invention disclosures were made in May and June 1989, the gist of the inventions was disclosed to the Patent Administrator by June 1987. I find that the applicable patent policy should be based on the June 1987 invention disclosure. According to Plaintiff's own policies and practices, the applicable patent policy is the 1983 Patent Policy.

The 1991 UNM Co-Inventor Agreement supports this conclusion as well. It states that "[t]he Inventors expressly agree that . . . each Inventor's share of any royalties or other revenue to which they may be entitled to as inventors under the UNM Intellectual Property Policy in effect as of the Effective Date. . . ." UNM Co-Inventor Agreement at ¶ 8, Ex. 2 (attached to Compl., filed May 21, 1999 *(Doc. 1)*). The "Policy in effect as of the Effective Date" can be read to mean that the applicable patent policy is the one in effect as of the date Defendants presented their inventions to the Patent Administrator, i.e., the "Effective Date" for determining which patent policy to use. As I have already determined, the first invention disclosure to the Patent Administrator was in June 1987. The patent policy in effect at that time was the 1983 Patent Policy.

Plaintiff argues, however, that the 1989 Intellectual Property Policy applies to the 1992 CIP applications which are at the center of this litigation. Plaintiff reasons that any additional disclosures, data or new matter added to the 1992 CIP applications were made or discovered between 1990 (when the original patent applications were filed) and 1992. The 1989 Intellectual Property Policy was in effect during that time period. Plaintiff's argument, however, suffers from a major flaw--it conflicts with the University's policy and practice. As stated, *supra*, the University uses the patent policy in effect at the time the invention disclosure is made to the Patent Administrator. The inventors rely on that policy and practice to know which patent policy is in effect. Switching patent

policies in mid-stream of the patent process as it flows from the initial invention disclosure is confusing to all involved. In sum, I find that Defendant Scallen's Motion for Declaration is well taken and should be granted.

Wherefore,

IT IS ORDERED that Defendant Scallen's Motion for Declaration by the Court of the Correct Applicable University Patent Policy, filed January 24, 2000 *(Doc. 71)*, is **granted**.

IT IS DECLARED that the 1983 Patent Policy is the controlling patent policy in this lawsuit.

DATED this 21st day of March, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Sean Olivas
	Keleher & McLeod
	Albuquerque, New Mexico

	Stephen A. Slusher
	Paul Adams
	Peacock, Myers & Adams, P.C.
	Albuquerque, New Mexico

*Pro Se* Defendants:	Galen D. Knight
	Albuquerque, New Mexico

	Terence J. Scallen
	Borrego Springs, California