# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

    Plaintiff,

vs.                                                                          No. CIV 99-0577 JC/WWD

GALEN D. KNIGHT, an individual; and
TERENCE J. SCALLEN, an individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Knight's Motion and Memorandum to Reconsider Dismissal of Defendant Knight's Counterclaims, to Allow Amendment of Knight's Counterclaims, or in the Third Alternative to Correct and Certify the Dismissal as Final for Appeal in the 10th Circuit Court of Appeals, filed January, 24, 2000 *(Doc. 72)*.

**A.    Motion to Reconsider Dismissal of Defendant
       Knight's Counterclaims**

Because Defendant Knight filed his motion for reconsideration more than 10 days after the entry of the Court's Memorandum Opinion and Order (Memorandum Opinion and Order), filed December 2, 1999 *(Doc. 49)*, dismissing Defendant Knight's Counterclaims 2, 3, 4, and 5, I will construe the motion for reconsideration as having been filed pursuant to FED. R. CIV. P. 60. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828 (1992). Defendant Knight first wishes to correct two typographical errors in the Court's Memorandum Opinion and Order found on page 2 at lines 5 and 6. "Count II" should read as "Count III" and "Count III" should read as "Count IV." Rule 60(a) allows for such corrections of

clerical mistakes. Therefore, Defendant Knight's motion to reconsider will be granted so as to allow for the correction of those two clerical mistakes.

The remainder of Defendant Knight's motion to reconsider can only be brought pursuant to Rule 60(b). Rule 60(b) relief is discretionary and warranted only in "exceptional circumstances." *Van Skiver*, 952 F.2d at 1243. Rearguing issues or advancing new arguments available when the dispositive motion was briefed do not constitute exceptional circumstances. *Id*. Exceptional circumstances are any one of Rule 60(b)'s six grounds for relief from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*Id*. at 1243-44.

Defendant Knight presents a compelling argument under either Rule 60(b)(1) or 60(b)(6) to amend the discussion in the Memorandum Opinion and Order concerning Eleventh Amendment immunity. Accordingly, I will grant Defendant Knight's motion to reconsider as to the Eleventh Amendment immunity discussion.[1] Defendant Knight's other arguments in favor of reconsideration fail to present any exceptional circumstances which would warrant relief from judgment under Rule 60(b). Consequently, the remainder of Defendant Knight's motion to reconsider is denied.

**B.      Motion to Amend Counterclaims**

Under D.N.M.LR-Civ. 15.1 "[a] proposed amendment to a pleading must accompany the motion to amend." Defendant Knight has not complied with this rule. Without knowing what the

---

[1] Amending the Eleventh Amendment immunity discussion will also affect the New Mexico Tort Claims Act analysis and result in a denial of Plaintiff's Motion to Dismiss Counterclaim, filed September 13, 1999 *(Doc. 19)*.

proposed amendments are, the Court cannot at this time grant Defendant Knight's request to amend his counterclaims.

**C.    Motion to Certify the Memorandum Opinion
and Order for Interlocutory Appeal**

Since I will amend the Memorandum Opinion and Order as discussed, *supra*, the issue of whether to certify that Memorandum Opinion and Order is now moot. Defendant Knight's motion to certify for interlocutory appeal will be denied as moot.

Wherefore,

IT IS ORDERED that Defendant Knight's Motion and Memorandum to Reconsider Dismissal of Defendant Knight's Counterclaims, to Allow Amendment of Knight's Counterclaims, or in the Third Alternative to Correct and Certify the Dismissal as Final for Appeal in the 10th Circuit Court of Appeals, filed January, 24, 2000 *(Doc. 72)*, is granted in part in that the Court will file an Amended Memorandum Opinion and Order.

DATED this 21st day of March, 2000.

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:        Sean Olivas
                              Keleher & McLeod
                              Albuquerque, New Mexico

                              Stephen A. Slusher
                              Paul Adams
                              Peacock, Myers & Adams, P.C.
                              Albuquerque, New Mexico

*Pro Se* Defendants:          Galen D. Knight
                              Albuquerque, New Mexico

                              Terence J. Scallen
                              Borrego Springs, California