IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

      Plaintiff and Counterdefendant,

      vs.                                                No. CIV 99-0577 JC/WWD

GALEN D. KNIGHT, an individual; and
TERENCE J. SCALLEN, an individual,

      Defendants and Counterplaintiffs.

### AMENDED MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Counterclaim, filed September 13, 1999 *(Doc. 19)*. Plaintiff moves the Court to dismiss Defendant Knight's counterclaims 2 (intentional interference with prospective economic advantage), 3 (malicious abuse of process), 4 (slander of inventorship), and 5 (breach of fiduciary duty). Plaintiff also moves to dismiss Defendant Scallen's counterclaims 3 (breach of duty of care of good faith and fair dealing), 4 (breach of duty), and 5 (damages resulting from the conduct, acts, and omissions of the University of New Mexico (UNM)).[1] These counterclaims sound in tort and seek monetary damages as compensation. As grounds for this motion to dismiss, Plaintiff asserts Eleventh Amendment immunity and no waiver of immunity under the New Mexico Tort Claims Act (Tort Claims Act), NMSA 1978, §§ 41-4-1 through 41-4-27 (1976).

---

[1] Scallen asserts that counterclaims 3, 4, and 5 are actually breach of contract claims. As written, those counterclaims appear to be tort claims and so will be treated as such. Scallen can, of course, move to amend his counterclaims to allege breach of contract claims.

I.  **Background**

Plaintiff brings this lawsuit pursuant to the federal patent laws of Title 35 of the United States Code and invokes supplemental jurisdiction over its state claims. Counts I and II seek a declaration of ownership of the vitaletheine and beta-alethine[2] patents, patent applications and trade secrets. Count III seeks a determination and correction of the inventorship of certain vitaletheine patents. Count IV alleges breaches of the UNM Intellectual Property Policy and the UNM Co-Inventor Agreement entered into with Defendants. Count V alleges an intentional interference with the License Agreement between UNM and Dovetail Technologies. Count VI alleges conversion of certain property, or in the alternative, replevin. The last count, Count VII, alleges slander of title. Plaintiff seeks in its Complaint declaratory and injunctive relief. Plaintiff also seeks attorney fees and costs which pursuant to the Intellectual Property Policy would be offset against any royalties UNM is otherwise required to pay Defendants.

II. **Discussion**

   A.  **Eleventh Amendment Immunity**

Defendants are apparently suing Plaintiff, the UNM Board of Regents, in its official capacity as a board rather than as individual regents in any kind of individual capacity. As such, Plaintiff is considered an arm of the state and is generally entitled to Eleventh Amendment immunity. *See Buchwald v. University of N.M. Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998) (UNM Board of Regents is an arm of the state entitled to Eleventh Amendment immunity). However,

> It is recognized . . . that when the sovereign sues it waives immunity as to claims in recoupment--arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government

---

[2] Vitaletheine and beta-alethine are compounds used in treating diseases.

> or in the sense of exceeding the amount of the government's claims; but the sovereign does not waive immunity as to claims which do not meet the 'same transaction or occurrence test' nor to claims of a different form or nature than that sought by it as plaintiff nor to claims exceeding in amount that sought by it as plaintiff.

*Federal Deposit Ins. Corp. v. Hulsey*, 22 F.3d 1472, 1486-87 (10th Cir. 1994) (quoting *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir. 1967)). "In order to constitute a claim in recoupment (1) the claim must arise from the same transaction or occurrence as the plaintiff's suit; (2) the claim must seek relief of the same kind or nature; and (3) the claim must seek an amount not in excess of the plaintiff's claim." *Id.* at 1487 (citing *Frederick*, 386 F.2d at 488).

In this case, the counterclaims arise from the same occurrences that are the subject of the Complaint. The Complaint seeks declaratory and injunctive relief along with punitive damages. The Complaint also contains a request for compensatory damages under Count V. The counterclaims at issue likewise seek monetary damages. I, therefore, find that the counterclaims seek relief of the same kind or nature as that sought by Plaintiff. *See id.* at 1487 (the second requirement for recoupment "has been interpreted to mean that if the plaintiff is seeking monetary relief, the defendant's counterclaims must also seek monetary relief to qualify as claims in recoupment"). I further find that since Plaintiff's request for monetary relief is open ended, i.e., Plaintiff seeks more than $100,000 in compensatory damages and an unspecified amount in punitive damages, the counterclaims do not seek an amount in excess of Plaintiff's claims. Accordingly, the counterclaims at issue are claims in recoupment. That being so, the Eleventh Amendment does not bar those counterclaims and they should not be dismissed for that reason.

  **B. The Tort Claims Act**

Plaintiff argues that the counterclaims at issue cannot be asserted against it because the New Mexico Tort Claims Act bars those kinds of counterclaims. Under the Tort Claims Act, state parties are entitled to immunity for the commission of any tort unless the Tort Claims Act provides

an explicit waiver of that immunity.  NMSA 1978, § 41-4-4.  In this situation, the Tort Claims Act does not provide any explicit waiver for the kinds of assertions made in the counterclaims at issue.  *See* NMSA 1978, §§ 41-4-5 to 41-4-12.  However, when the government waives immunity as to counterclaims which assert matters in recoupment, the government also waives immunity as to those claims that are ordinarily barred by a tort claims act.  *See United States v. Johnson*, 853 F.2d 619, 621 (8th Cir. 1988) (discussing waiver despite Federal Tort Claims Act bar).  *See also Hulsey*, 22 F.3d at 1486 (Tenth Circuit did not dismiss counterclaims asserting recoupment although district court found those counterclaims were barred by the Federal Tort Claims Act).  Consequently, the counterclaims are not barred by New Mexico Tort Claims Act.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Dismiss Counterclaim, filed September 13, 1999 *(Doc. 19)*, is **denied**.

DATED this 21st day of March, 2000.

　　　　　　　　　　　　　　　　　　　　　　　　／s／ John Edwards Conway
　　　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:　　　Sean Olivas
　　　　　　　　　　　　　Keleher & McLeod
　　　　　　　　　　　　　Albuquerque, New Mexico

　　　　　　　　　　　　　Stephen A. Slusher
　　　　　　　　　　　　　Paul Adams
　　　　　　　　　　　　　Peacock, Myers & Adams, P.C.
　　　　　　　　　　　　　Albuquerque, New Mexico

*Pro Se* Defendants:　　　Galen D. Knight
　　　　　　　　　　　　　Albuquerque, New Mexico

　　　　　　　　　　　　　Terence J. Scallen
　　　　　　　　　　　　　Borrego Springs, California