IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

      Plaintiff and Counterdefendant,

  vs.                                                             No. CIV 99-0577 JC/WWD

GALEN D. KNIGHT, an individual; and
TERENCE J. SCALLEN, an individual,

      Defendants and Counterplaintiffs.

## **MEMORANDUM OPINION AND ORDER**

      THIS MATTER comes before the Court upon the Motion by Defendant and Counterplaintiff Scallen to Amend his Counterclaims, filed January 31, 2000 *(Doc. 77)*. Plaintiff argues that amendment of the counterclaims would be futile for three reasons: those portions of the proposed amended counterclaims that sound in tort are subject to dismissal, Eleventh Amendment immunity excludes the proposed amended counterclaims, and the statute of limitations bars those proposed amended counterclaims. Plaintiff also argues that Defendant Scallen has failed to comply with FED. R. CIV. P. 9(f) and 10(b).

      Leave to amend a pleading shall be freely given when justice so requires. FED. R. CIV. P. 15(a). Although the decision to grant leave to amend is within the discretion of the trial court, leave to amend should be freely given unless there is a justifying reason for the denial. *See Foman v. Davis*, 371 U. S. 178, 182 (1962). However, leave to amend may be denied if the amendment would be futile. *See id*. An amendment is futile if the proposed amended complaint would not survive either a motion to dismiss or a motion for summary judgment. *See Bauchman for Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997), *cert. denied*, 524 U.S. 953 (1998).

Unless a proposed amendment is clearly futile, conjecture about the merits of the amendment should not enter the decision of whether to grant leave to amend. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), *cert. denied*, 448 U.S. 911 (1980).

**A.      The New Mexico Tort Claims Act and Eleventh Amendment Immunity**

Subsections C and D of Defendant Scallen's proposed amended counterclaims sound in tort. That being so, Plaintiff contends that those alleged tort claims would be barred by the New Mexico Tort Claims Act and Eleventh Amendment immunity. However, as stated in the Amended Memorandum Opinion and Order, Plaintiff waives its immunity under both the New Mexico Tort Claims Act and the Eleventh Amendment if Defendant Scallen's proposed tort counterclaims are claims seeking recoupment. For the same reasons stated in the Amended Memorandum Opinion and Order, I likewise find that the proposed tort counterclaims are claims for recoupment. Therefore, Plaintiff would waive its immunity with respect to these new tort allegations.

**B.      Statute of Limitations**

Plaintiff contends that Defendant Scallen's proposed contract counterclaims are barred by a two year statute of limitations. NMSA 1978, § 37-1-23 (1976) states in pertinent part:

>     A.  Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract.
>     B.  Every claim permitted by this section shall be forever barred unless brought within two years from the time of accrual.

Defendant Scallen apparently does not contest that the two-year statute of limitations had run. Rather, Defendant Scallen believes that the statute of limitations should be tolled because of fraudulent concealment.

The party alleging fraudulent concealment has the burden of showing "(1) the use of fraudulent means by the party who raises the bar of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise

of reasonable diligence could not have known that he might have a cause of action." *Continental Potash, Inc. v. Freeport-McMoran, Inc.*, 115 N.M. 690, 698, 858 P.2d 66, 74 (1993), *cert. denied*, 510 U.S. 1116 (1994) (citation omitted). "[T]he party asserting estoppel must sustain the burden of showing not only that he failed to discover the cause of action prior to the running of the statute of limitations, but also that he exercised due diligence and that some affirmative act of fraudulent concealment frustrated discovery notwithstanding such diligence." *Id*. Furthermore, the party asserting fraudulent concealment "must plead the circumstances giving rise to estoppel with particularity." *Id*.

In this case, Defendant Scallen alleges that "a Combined Declaration and Power of Attorney, signed by the Inventors, was used by Plaintiff University in a deceptive and fraudulent manner in order to support an amended patent application which issued out as US Patent 5,578,313 [neoplasia patent]." Reply to Pl. and Counterdefendant University's Resp. to Scallen's Mot. to Amend His Countercls. at 3, filed Feb. 29, 2000 *(Doc. 97)*. Defendant Scallen admits that he first became vaguely suspicious that the Combined Declaration and Power of Attorney was improperly used in October 1998. *Id*. at 4. In fact, Defendant Scallen voiced concerns over the proposed new structures of the cell culture case as early as June 1996. Ex. B (attached to Mot. by Def. and Counterplaintiff Scallen to Amend his Countercls.). Defendant Scallen also states that although he was previously aware that incorrect changes had been incorporated into U.S. Patent 5,578,313 when he received copies of the issued patent, he asserts that he did not actually discover the fraud until September 1999 when he received a copy of the prosecution file of that patent. *Id*.

Defendant Scallen did not plead in his proposed amended counterclaims that he first became suspicious of fraud in October 1998 and actually discovered the fraud in September 1999. *See* FED. R. CIV. P. 9(f) ("For the purpose of testing the sufficiency of a pleading, averments of time and

place are material and shall be considered like all other averments of material matter"). Moreover, Defendant Scallen fails to explain why if he had a suspicion of fraud in October 1998 he did not further investigation that suspicion. He also does not explain why he did not further investigate the matter when he contested the cell culture case in 1996 or when he received copies of U.S. Patent 5,578,313 containing allegedly incorrect information. I, therefore, cannot find that Defendant Scallen used reasonable diligence to discover the fraud or that an "affirmative act of fraudulent concealment frustrated discovery notwithstanding such diligence." For these reasons, I conclude that Defendant Scallen has not carried his burden of demonstrating fraudulent concealment. Accordingly, it would be futile for Defendant Scallen to amend his counterclaims to include contract claims which would be barred by the statute of limitations.

**C.   Conclusion**

Although Defendant Scallen could amend his counterclaims to include his proposed tort claims, the format of the proposed amended counterclaims does not comply with FED. R. CIV. P. 10(b) which requires pleadings to contain numbered paragraphs and separate statements. Moreover, the proposed amended counterclaims contain time barred breach of contract claims. As currently written, I exercise my discretion to deny Defendant Scallen's motion to amend at this time.

Wherefore,

IT IS ORDERED that the Motion by Defendant and Counterplaintiff Scallen to Amend his Counterclaims, filed January 31, 2000 *(Doc. 77)*, is **denied** at this time.

DATED this 21st day of March, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Sean Olivas<br>Keleher & McLeod<br>Albuquerque, New Mexico |
| | Stephen A. Slusher<br>Paul Adams<br>Peacock, Myers & Adams, P.C.<br>Albuquerque, New Mexico |
| *Pro Se* Defendants: | Galen D. Knight<br>Albuquerque, New Mexico |
| | Terence J. Scallen<br>Borrego Springs, California |