IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE REGENTS OF THE UNIVERSITY OF
NEW MEXICO,

       Plaintiff,

vs.                                    Civ. No. 99-577 JC/WWD

GALEN D. KNIGHT, an individual, and
TERENCE J. SCALLEN, an individual,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Knight's Memorandum and Motion to Compel Production of Documents [docket no. 121] filed May 1, 2000.  Defendant Knight (hereinafter "Defendant") seeks an order compelling Plaintiff to respond to Defendant's first interrogatories and requests for production, awarding costs, for sanctions, and such other and further relief as the Court may deem just and proper.  In my Memorandum Opinion and Order of December 11, 1999,  I ordered Plaintiff to make full answers to interrogatories 1, 6, 7, 9, 11, 14, 24, 25, 26, 28.   Additionally, I sustained Plaintiff's objections to interrogatories 4, 5, 19, and 20; and I found that no further answers would be required to interrogatories 2, 3, 8, 10, 12, 13, 15, 16, 17, 18, 21, 22, 23, 27, 29, and 30.   In the instant motion, Defendant fails to point to specific interrogatories which have not yet been answered; however, Defendant does make certain remarks and arguments about the answers by Plaintiff to interrogatories 6 and  17.   No further discussion of interrogatories is necessary.

       Plaintiff questions whether the instant motion is timely.  Under the circumstances, including the fact that Plaintiff did not respond to Defendant's August 31, 1999, Request for Production, until May 20, 2000;  I find that the motion is timely.  Apparently, Plaintiff had made no document production to Defendant as of February, 2000.  Plaintiff asserts that Defendant "did not communicate with counsel

for Plaintiff regarding any inadequacy of his document requests [i.e., presumably, the *production* in response to those requests] prior to his filing a motion in contravention of Local Rule 7.4."[1]

Defendant's letter of April 21, 2000, to Messrs. Slusher and Adams, two of the lawyers representing Plaintiff, begins with the sentence,

> I am still waiting for the production of documents to be produced by you from my first set of interrogatories AND request for production of documents ....

I decline to deny Defendant's motion to compel based on an alleged infraction of D.N.M.-LR Civ. 7.4(a).

Plaintiff's objections to Defendant's requests for production 1 and 2 are not well taken and they will be overruled. The "burdensome and oppressive" objection to request #1 is not supported in any way. Given the duty to supplement and/or correct disclosures under Fed. R. Civ. P. 26(e), I find that the response by Plaintiff to Defendant's request for production 2 is unsatisfactory. The response can be supplemented or amended. I will not condone Plaintiff's stonewalling approach to Defendant's requests for production 1 and 2.

**WHEREFORE,**

**IT IS ORDERED** that on or before June 26, 2000, Plaintiff shall make a full and complete response to Defendants request for production 1 and 2 from First Set of Interrogatories and Request for Production of Documents .

UNITED STATES MAGISTRATE JUDGE

---

[1]D.N.M.-LR CIV. 7.4(a) : Movant must request concurrence of each party, at least three (3) working days before filing a motion. Movant must recite that concurrence was refused or explain why concurrence could not be obtained. A motion that omits recitation of a good-faith request may be summarily denied.