**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

       Plaintiff,

vs.                                                       No. CIV 99-577 JC/WWD

GALEN D. KNIGHT, an individual;
and TERENCE J. SCALLEN, an individual,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER came on for consideration of Scallen's Motion to Amend Counterclaims, filed May 16, 2000 *(Doc. 123)*; Knight's Motion to Amend Counterclaims, filed June 9, 2000 *(Doc. 136)*; Plaintiff's Motion to Amend Complaint, filed June 23, 2000 *(Doc. 147)*; and Plaintiff's Motion to Dismiss Defendants' Counterclaims, filed July 6, 2000 *(Doc. 157)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Motion to Amend Complaint is well taken and will be granted. The Court also finds that Plaintiff's Motion to Dismiss Defendants' Counterclaims is well taken and will be granted. Finally, the Court finds that Knight's Motion to Amend Counterclaims and Scallen's Motion to Amend Counterclaims are not well taken and will be denied.

## I. Plaintiff's Motion to Amend Complaint

The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend when justice so requires. *See* FED. R. CIV. P. 15(a). *See also Yapp v. Excel Corp.*, 186 F.3d 1222, 1230 (10th Cir. 1999). The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U S West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The decision to grant leave to allow amendment of pleadings will not be disturbed absent abuse of discretion. *See Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir. 1994). An abuse of discretion may be found only when the district court has made an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994) (internal quotation omitted).

Plaintiff UNM seeks to amend its complaint to clarify the type of relief requested. *See* Memorandum in Support of Plaintiff's Motion to Amend Complaint at 2, filed June 23, 2000 *(Doc. 148)*. Specifically, Plaintiff seeks to omit any request for money damages. *See id.* Defendants object to Plaintiff's motion, reasoning that Plaintiff UNM is merely attempting to circumvent the Court's previous ruling that UNM has waived Eleventh Amendment immunity from countersuit. *See* Amended Memorandum Opinion and Order, filed March 21, 2000 *(Doc. 106)*. Defendants also argue that Plaintiff's motion should be denied because it is untimely, was made in bad faith, and would unduly prejudice Defendants.

Plaintiff filed its Motion to Amend Complaint in June of 2000. The motion was made well in advance of the early 2001 trial date. Accordingly, the Court finds that the motion is not untimely. Defendants also argue that the motion was made in bad faith. However, while Defendants do not

agree with the motion, such is the nature of a lawsuit. Here, there is no evidence supporting an ulterior motive beyond protecting its interest in Eleventh Amendment immunity from suit. Therefore, Plaintiff's actions do not rise to the level of bad faith. Furthermore, while amendment of the original complaint necessarily limits Defendants' counterclaims, Defendants are not unduly prejudiced by this action in which Plaintiff chooses to limit its own recovery to injunctive and declaratory relief. The amended complaint would not materially change the nature of the suit, only the relief requested. Therefore, Defendants are no more prejudiced by Plaintiff's amended complaint than is Plaintiff. Accordingly, the Court finds Defendants' objections are not well taken. Plaintiff's motion to amend its complaint will be granted.

**II.     Plaintiff's Motion to Dismiss Defendants' Counterclaims**

As an arm of the state, Plaintiff UNM is generally entitled to Eleventh Amendment immunity from suit. *See Buchwald v. University of N.M. Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998). However, when the sovereign initiates suit it waives immunity from claims in recoupment arising out of the same transaction or occurrence. *See Federal Deposit Ins. Corp. v. Hulsey*, 22 F.3d 1472, 1486-87 (10th Cir. 1994). A claim in recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff so long as the claim in recoupment 1) seeks relief of the same kind or nature; and 2) seeks an amount not in excess of the Plaintiff's claim. *See Federal Deposit Ins. Corp. v. Hulsey*, 22 F.3d 1472, 1486-87 (10th Cir. 1994); *see also Haldeman v. State of Wyoming Farm Loan Board*, 32 F.3d 469, 474 (10th Cir. 1994). As distinguished from a "set-off," a claim in recoupment must arise from the same transaction or occurrence as the subject matter of the original suit. *See id.*

3

Plaintiff's Amended Complaint specifically omits any claims for money damages. Instead Plaintiff's Amended Complaint seeks declaratory and injunctive relief. Furthermore, as previously stated by this Court, attorneys fees and costs are "not in the nature of a recoupment or set-off." *See* Memorandum Opinion and Order, filed December 2, 1999 *(Doc. 49)*. Therefore, Defendants' argument that Plaintiff's Amended Complaint continues to seek damages from which Defendants may claim recoupment is not well taken. Accordingly, Defendants may not assert counterclaims for monetary damages in the form of punitive or compensatory damage against the Regents of the University of New Mexico. *See United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1490 (10th Cir. 1984) ("[a]lthough the sovereign waives immunity as to claims of the defendant which are asserted in recoupment, it does not waive immunity as to claims of a different form or nature than that sought by it."), *cert. denied*, 469 U.S. 825 (1984). Defendants' counterclaims are therefore dismissed.

**III.    Defendants' Motion to Amend Counterclaims**

Defendants' motions to amend their counterclaims seek to add additional claims for recovery of damages. *See* Scallen's Motion to Amend Counterclaims, filed May 16, 2000 *(Doc. 123)* and Knight's Motion to Amend Counterclaims, filed June 9, 2000 *(Doc. 136)*. Upon clarification of Plaintiff's Complaint, it is clear that Plaintiff seeks no monetary damages from Defendants. Accordingly, Defendants may not countersue in recoupment for damages. Therefore, Defendants' motions to amend their counterclaims are denied as futile.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint, filed June 23, 2000 *(Doc. 147)* is hereby granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendants' Counterclaims, filed July 6, 2000 *(Doc. 157)* is hereby granted.

**IT IS FURTHER ORDERED** that Scallen's Motion to Amend Counterclaims, filed May 16, 2000 *(Doc. 123)* and Knight's Motion to Amend Counterclaims, filed June 9, 2000 *(Doc. 136)* are denied.

DATED February 27, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Paul Adams, Esq.
    Peacock, Myers & Adams, P.C.
    Albuquerque, New Mexico

    Sean Olivas, Esq.
    Keleher & McLeod, P.A.
    Albuquerque, New Mexico

Counsel for Defendants:

    Galen D. Knight, Ph.D., *pro se*
    Albuquerque, New Mexico

    Terence J. Scallen, M.D., Ph.D., *pro se*
    Borrego Springs, California