# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

      Plaintiff,

vs.                                                               No. CIV 99-577 JC

GALEN D. KNIGHT, an individual;
and TERENCE J. SCALLEN, an individual;

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Knight's Motion to Recuse, filed May 1, 2003 (*Doc. 361*). Having reviewed the motion, memoranda and all relevant authority, the Court finds the motion not well taken, and it is, therefore, denied.

Pursuant to 28 U.S.C. § 455:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
....

A trial judge must recuse when, although there is no actual bias, there is an appearance of such bias. "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Importantly, however, "[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice."

*Bryce v. Episcopal Church in the Diocese of Colorado,* 289 F.3d 648, 659-60 (10th Cir. 2002) (citing *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir.2000)).

Defendant claims that the Court had an "ex-parte secret communication and correspondence with [Special Master] Ray R. Regan *after* Mr. Regan's Order of Reference expired...and *while* Mr. Regan was still being paid by UNM, as indicated by both, Mr. Regan's out of Reference billings to UNM and in a message left by Mr. Regan on Knight's answering machine...." Knight's Motion to Recuse, filed May 1, 2003, at 2 (*Doc. 361*). Even assuming the recorded message is authenticated and is not hearsay, which it clearly is, it simply demonstrates that the Special Master had prepared a report for the Judge. Defendant Knight fails to realize that a court may appoint a special master, and upon appointment the special master reports directly to the court. *See* Fed. R. Civ. P. 53. As such, movant fails to demonstrate any bias or appearance of bias by the Court. Defendant Knight's deleterious obfuscation of the law and facts solely indicates his unwillingness to accept the Court's rulings against him.

Wherefore,

IT IS ORDERED that Knight's Motion to Recuse, filed May 1, 2003 (*Doc. 361*) is DENIED.

DATED June 2, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
    Paul Adams, Esq.
    Stephen A. Slusher, Esq.
    PEACOCK, MYER & ADAMS, P.C.
    Albuquerque, New Mexico

    Galen D. Knight, pro se
    Albuquerque, New Mexico

    Terence J. Scallen, pro se
    Borrego Springs, California