# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

    Plaintiff,

vs.                                        No. CIV 99-577 JC

GALEN D. KNIGHT, an individual;
and TERENCE J. SCALLEN, an individual;

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Court's Order, filed April 15, 2003 (*Doc.359*), requiring each party to file a brief regarding the Federal Circuit's Opinion reversing and remanding this Court's dismissal of Defendants' counterclaims.

**I.**     *Background*

Due to the detailed historical review by the Federal Circuit, this Court only briefly will discuss the factual and procedural backdrop of this case.

In 1999, the University of New Mexico ("UNM") instituted a suit against Defendants Galen Knight and Terence Scallen seeking declaratory, injunctive, and monetary relief regarding various patent and state law claims. UNM's claims included: (Count I) a request for a declaration of ownership of the vitaletheine patents and applications; (Count II) a request for a declaration of ownership of the beta-alethine patents and applications; (Count III) a request for a declaration, and if necessary, a correction of the inventorship of U.S. Patents 5,370,868 and 5,578,313, both concern

methods for using vitaletheine modulators; and (Count IV) alleged breaches of the UNM Intellectual Property Policy and the Co-Inventor Agreement.[1] Upon the recommendation of the Special Master, the Court granted summary judgment in favor of UNM on Counts II and IV. The Court denied Defendants' counterclaims based on Eleventh Amendment immunity.[2]

After a lengthy bench trial limited to issues concerning vitaletheine patents and applications, this Court issued its findings of fact and conclusions of law. *Regents of the Univ. of N.M. v. Knight*, No. CIV 99-577 (D.N.M. Sept. 10, 2001). The Court concluded that: (1) the organic compounds as described in the parent and CIP applications inherently had the structures of the amendments; (2) Defendants failed to demonstrate that U.S. Patent 6,096,536 and the '313 patent are invalid; (3) UNM is the owner of the vitaletheine patent and applications; and (4) Scallen and Knight are the only joint and properly named inventors of the vitaletheine patents and applications.

In this Court's Final Order, the Court declared UNM to be the sole owner of the vitaletheine and beta-alethine patents and applications; declared that the amendment to the vitaletheine applications had not added new matter; declared that Knight and Scallen are the sole and joint inventors of the vitaletheine patents and applications; and ordered Knight and Scallen to reimburse UNM for the special master fees and to pay UNM's costs. *Final Order*, filed Sept. 10, 2001, at 1-5 (*Doc. 311*).

Defendants timely appealed. The Federal Circuit upheld this Court's grant of summary

---

[1] UNM asserted three additional counts, which the Court dismissed upon UNM's motion. *Regents of the Univ. of N.M. v. Knight*, No. CIV 99-577 (D.N.M. June 19, 2001).

[2] Defendant Knight's counterclaims include: (1) breach of contract; (2) intentional interference with prospective economic advantage; (3) malicious abuse of process; (4) slander of inventorship; (5) and breach of fiduciary duty. Defendant Scallen's counterclaims include: (1) duty of care, good faith and fair dealing; (2) breach of duty; and (3) damages.

judgment in favor of UNM on Counts II (ownership of beta-alethine patents) and IV (breach of contract) and agreed with this Court's findings that UNM is the proper owner of the vitaletheine patents and applications and that Defendants are the sole inventors of the vitaletheine inventions. In light of the recent Supreme Court ruling that states may not cloak themselves in Eleventh Amendment immunity after they remove a case to federal court, the Federal Circuit determined that UNM cannot claim such immunity from compulsory counterclaims. "[A] state that voluntarily appears in federal court has waived its immunity for all compulsory counterclaims." *Regents of the Univ. of N.M. v. Knight*, 321 F.3d 1111, 1125 (Fed.Cir. 2003). The court determined that Knight's counterclaim for royalties arises from the same transaction on which UNM's claim of patent ownership is based and is thus compulsory. The Federal Circuit, however, could not determine which, if any, of Defendants' other counterclaims "arise from the same transaction or occurrence as do UNM's claims for breach of contract, declaration of patent ownership, and declaration of inventorship." *Id.* at 1126. Consequently, the court vacated this Court's dismissal of the counterclaims and remanded for such determination with specific instructions that:

> Scallen and Knight are admonished, however, to be precise in indicating to the district court how they were damaged by actions or inactions arising from the same transaction. None of the above should preclude the district court from dismissing any counterclaims on proper grounds other than Eleventh Amendment.

*Id.*

## II. *Defendants' Motions to Amend and Responses*

Although leave to amend should be freely given, the grant or denial of a motion to amend under FED. R. CIV. P. 15( a) is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is not an abuse of discretion for a trial court to deny a motion to file counterclaims after the set time in the scheduling order passes. *Sil-Flo, Inc. v. SFHC, Inc.,* 917 F.2d

1507, 1518 (10th Cir. 1990). Untimeliness alone is an adequate basis for a court to deny leave to amend. *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993) In its Order, this Court specifically wrote: "[t]his Court orders further briefing on the issue addressed by the Federal Circuit. Both parties are to file their briefs no later than May 16, 2003." By the required date, each Defendant had only filed a motion to amend his counterclaims. These motions are in direct contravention of the Federal Circuit's opinion, which set forth the precise counterclaims at issue, and its reason for remand. "Because of the lack of specificity in these *pro se* pleadings and the minimal discussion of the counterclaims in the record, we are unable to discern with confidence which of them are compulsory." *Regents of the Univ. of N.M. v. Knight*, 321 F.3d 1111, 1126 (Fed. Cir. 2003). There is nothing in the Federal Circuit's language indicating that Defendants may amend, much less invent additional counterclaims. Defendants' motions to amend thus are denied.

On May 30, 2003, two weeks after the Court's deadline for filing briefs in the matter, both Defendants filed "responses," apparently to Plaintiff's memorandum. Although Defendants readily acknowledge their intellectual prowess, they continually fail to comprehend both courts' explicit instructions. As *pro se* defendants, this Court continually has granted them wide latitude in their pleadings, yet the Court could not have been more unequivocal in its most recent order. The Court, therefore, will disregard Defendants' responses.

On June 5, 2003, Defendant Scallen filed a Motion for a Declaration by the Court that the University of New Mexico (UNM) Has No Immunity of Any Kind Regarding its Commercially Oriented Activity Involving Patenting and Development of Inventions, filed June 5, 2003 (*Doc.___*). Due to its untimeliness, the Court will disregard Defendant Scallen's motion. Defendant's *pro se* status does not immunize him from the Court's deadlines.

**III.     *Counterclaims***

Applying the principles articulated in the Supreme Court's recent decision in *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S.613 (2002), the Federal Circuit ruled that a state entity that voluntarily claims federal court jurisdiction cannot assert Eleventh Amendment immunity over a defendant's compulsory counterclaims.[3] In the present case, each Defendant asserted various counterclaims, and the Federal Circuit remanded the action back to this Court to determine which claims, if any, are compulsory. "[Defendants] are admonished, however, to be precise in indicating to the district court how they were damaged by the actions or inactions arising from the same transactions." *Regents*, 321 F.3d at 1126. In so determining whether Defendants have asserted any compulsory counterclaims, the Court will solely review those counterclaims in Knight's Request for Jury Demand, Counter-Complaint for Breach of Contract; Breach of Fiduciary Duty; Malicious Abuse of Process; Intentional Interference with Prospective Economic Advantage (Knight Counter-Compl.), filed June 6, 1999 (*Doc. 3*); and Scallen's Answer to Complaint and Counterclaims (Scallen Answer), filed June 16, 1999 (*Doc. 6*).

Pursuant to Federal Rule of Civil Procedure 13(a) a counterclaim is compulsory when it arises

> from the same transaction or occurrence that gave rise to the plaintiff's complaint. Such counterclaims are so closely related to claims already raised by a plaintiff that they can be adjudicated in the same action without creating confusion for a trier of fact or undue prejudice to the plaintiff.

Traditionally, courts have accorded the terms "transaction" and "occurrence" a "flexible and realistic

---

[3] In *Lapides*, the Supreme Court held that a state voluntarily waives its Eleventh Amendment immunity when it removes a case from state court to federal court. 535 U.S. at 620. The Federal Circuit held that the Supreme Court's reasoning that it would be inconsistent for a state to invoke federal jurisdiction and subsequently assert Eleventh Amendment immunity applies to situations such as the one presently before this Court in which a state voluntarily consented to federal jurisdiction and then invoked Eleventh Amendment immunity concerning the defendants' counterclaims. *Regents*, 321 F.3d at 1125 (quoting *Lapides,* 535 U.S. at___). The Federal Circuit, however, specifically noted that this ruling only applies to compulsory counterclaims. *Regents*, 321 F.3d at 1126.

construction in order to effect 'judicial economy.'" *Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997) (citation omitted). The Tenth Circuit has set forth a four-part test to determine whether the counterclaim is compulsory:

> (1) Are the issues of law and fact raised by the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on defendants' claim absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute plaintiffs' claims as well as defendants' counterclaims? (4) Is there a logical relation between the claim and the counterclaims?

*Id*. at 457.

**a.**     *Knight's counterclaims*

At issue are four counterclaims asserted by Defendant Knight.[4] They are: (2) intentional interference with prospective economic advantage; (3) malicious abuse of process; (4) slander of inventorship; (5) and breach of fiduciary duty. Having reviewed the factors required for a compulsory counterclaim, this Court has determined that claims 2-3 are not compulsory counterclaims while 4-5 are compulsory. Regardless of their compulsory nature, however, all claims will be dismissed as discussed subsequently.

*i.*     *Counterclaims 2-3*

The issues of law and fact in counterclaims 2-3 are not the same as those asserted by UNM in its original complaint. Counterclaim 2, intentional interference with prospective economic advantage, revolves around a letter from Russell Curry to a prospective employer, allegedly "disparaging" vitaletheine. Knight also claims that a similar problem occurred during an evaluation seminar for another prospective employer. Knight's counterclaim 3, malicious abuse of process, asserts that the lawsuit is malicious because his wife is an employee of University Hospital, UNM is

---

[4] The Federal Circuit determined that Knight's first counterclaim concerning royalties was compulsory. This Opinion, therefore, only concerns Knight's remaining counterclaims numbers 2-5.

aware of his "limited financial resources," and the suit "has not only a devastating effect on Knight's time, but also upon his ability to care for his daughters." Knight Counter-Compl. at 8. Neither of these counterclaims contains issues of law or fact that are similar to UNM's principal claims concerning breach of contract, ownership of patents and inventorship. UNM's breach of contract claim asserted that Defendants breached their contractual obligations with the University by failing to execute assignments to the Vitaletheine Patents and Applications and Beta-Alethine Patents and Applications. Resolution of UNM's latter two claims turns on whether new matter was introduced into the amendments.

Res judicata bars a claim "when the prior action involved identical claims and the same parties or their privies." *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 978 (10th Cir.1995). Due to the factual differences surrounding UNM's principal claims and Defendant Knight's counterclaims, res judicata would not be a bar to a subsequent suit. Moreover, the evidence required to prosecute a subsequent suit would not be substantially the same. Finally, the Court cannot find anything exceeding an attenuated relationship between UNM's claims and Defendant's counterclaims 2 and 3. Assuming, however, that Knight's abuse of process counterclaim was compulsory, this Court's rulings, as affirmed by the Federal Circuit, demonstrate that there was no malicious abuse of process by UNM. Thus, no cause of action exists.

### ii. *Counterclaims 4-5*

Knight asserts in counterclaim 4, slander of inventorship, that the "University and the Licensee are misrepresenting vitalethine as being beta-alethine." Knight Counter-Compl. at 8. Due to UNM's argument that it did not introduce new matter and that it properly amended the patent, the Court concludes that the issues of law and fact concerning Knight's counterclaim arise out of the same

transaction or occurrence as UNM's claims surrounding ownership and inventorship. Furthermore, the similarity of claims would be a bar to a successful suit under the doctrine of res judicata, and as such, the evidence required for a subsequent suit would be similar. Taken as a whole, therefore, the Court deems that a logical relationship exists between Knight's counterclaim 4 and UNM's principal claims. As with Knight's abuse of process claim, however, there is no cause of action, as the Federal Circuit affirmed this Court's ruling that UNM did not add new matter, and therefore could not have slandered Defendants' discoveries.

A more straightforward determination turns on the question of whether Knight's counterclaim 5, breach of fiduciary duty, is a compulsory counterclaim. As UNM suggests, the claim contains a series of amorphous acts by UNM– failure to include a performance clause in a signed licensing agreement; failure to provide research support; deliberate confusion of the chemistry of the compounds; plagiarism of data; and instigation of this lawsuit. The counterclaim also contains, however, a claim that the University breached its Intellectual Property policy and its Co-Inventor Agreement by failing to share royalties with inventors. The Federal Circuit determined that "both UNM's right to any royalties that may be due from the patents at issue clearly arise from the same transaction or occurrence...." *Regents*, 321 F.3d at 1126. The Court thus finds that Knight's breach of fiduciary duty is a compulsory counterclaim.

**b.** *Scallen's counterclaims*

Scallen's counterclaims include: (1) duty of care, good faith and fair dealing; (2) breach of duties; (3) and damages. The Court finds that Scallen's counterclaims 1 and 3 are not compulsory, but counterclaim 2 is a compulsory counterclaim.

    ***i.***    *Scallen's counterclaims 1and 3*

Scallen broadly asserts that due to his employment relationship with UNM, the University owed him a duty of care, good faith and fair dealing. Although a proper claim, the issues of law and fact raised by UNM's principal claims and the Scallen's counterclaim are not the same. Admittedly, the Federal Circuit determined that the issue of whether UNM should have paid Defendants royalties is a compulsory counterclaim. Yet, Scallen's counterclaim makes no allegation regarding royalties and only makes the broad assertion that UNM failed in its duties towards him.

Scallen's claim of damages is even broader than his claim that UNM breached its duty of care, good faith and fair dealing. As such, the Court cannot determine what facts are at issue. Yet, clearly, the legal theories behind UNM's principal claims and Scallen's damages claim are different.

Due to the differences in fact and law, res judicata would not preclude either Scallen's counterclaim 1 or counterclaim 3. Furthermore, none of the evidence adduced in this litigation is relevant to this counterclaim, and thus there is no logical relation between these claims and UNM's principal claims.

### ii. *Scallen's counterclaim 2*

Scallen claims that UNM breached its duties by entering into a faulty licensing agreement; negligently or intentionally filing "erroneous, incomplete, inaccurate and/or false and misleading documents with the United States Patent Office," Scallen Answer at 13; and attempting to harm Scallen's professional reputation by forcing him to execute documents that are erroneous and incomplete. Scallen's allegation that UNM's erroneously filed misleading documents with the United States Patent Office does not concern UNM's claim that Defendants breached their contract. It is, however, factually similar to UNM's claims of ownership and inventorship of the patents. Res judicata, therefore, would be a bar to subsequent litigation due to the related evidence required for

UNM's claims and Scallen's counterclaims. Finally, due to the similarity of UNM's claims and Scallen's counterclaim, there is a logical relationship between the two. The Court thus finds that Scallen's counterclaim 2 is compulsory.

**IV.** *Alternative theories of dismissal*

Pursuant to the Federal Circuit's declaration that this Court may dismiss Defendants' counterclaims "on proper claims other than the Eleventh Amendment," *Regents*, 321 F.3d at 1126, Plaintiff argues that the counterclaims alternatively should be dismissed on statute of limitations grounds and/or barred due to the New Mexico Tort Claims Act (TCA). The Court finds Plaintiff's reasoning persuasive for the following reasons.

**V.** *Statute of limitations*

Under New Mexico statutory law, the state only may be sued upon a valid written contract and so long as the suit is initiated within two years from the date of accrual.[5] NMSA. § 37-1-23. Similarly, a suit sounding in tort must be brought within two years from the date of occurrence.[6] NMSA § 41-4-15(A). Plaintiff concedes that Knight's counterclaims 2 and 3 meet the statutory requirements. Plaintiff argues, however, and the Court agrees, that whether Knight's remaining counterclaims and Scallen's counterclaims sound in contract or in tort, they are barred, as they exceed

---

[5] New Mexico state law provides:
A. Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract.
B. Every claim permitted by this section shall be forever barred unless brought within two years from the time of accrual.
NMSA § 37-1-23.

[6] Under New Mexico state law:
A. Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death....
NMSA § 41-4-15(A).

both statutes' limitations period.

Knight's counterclaim 4, slander of inventorship, states that UNM and its licensee, Dovetail Technologies, falsely represented vitaletheine as beta-alethine. Plaintiff asserts that Knight's counterclaim arose in 1995, approximately one year after UNM and Dovetail entered into their agreement. Counterclaim 5, breach of fiduciary duty, concerns Knight's contract allegation regarding royalties. This counterclaim specifically asserts that the claim arose eight years prior to the suit. Clearly, both claims fall outside the statutes' two-year limitations period.

As with Knight's counterclaims, Scallen's counterclaims are similarly barred. Counterclaim 1, breach of duty of care, good faith and fair dealing, seems to concern UNM's license agreement with Dovetail, which the parties entered into in 1994. Counterclaim 2, breach of duty, pertains to the 1994 license agreement and the issuance of a patent in 1996, facts of which Scallen was aware of as early as June 1996. Finally, counterclaim 3, damages, is too broad to determine precisely the dates involved. UNM, however, contends that this claim involves acts occurring in 1995. The Court finds that each of these counterclaims concern acts commenced outside of both statutes' limitations period.

## VI. *New Mexico Tort Claims Act (TCA)*

Under the TCA, governmental institutions are entitled to immunity from tort liability unless the statute provides an express waiver. NMSA § 41-4-4. Waiver from immunity arises in instances of negligent operation or maintenance of motor vehicles, public buildings, parks, airports, public utilities, medical facilities, streets and highways, or for torts occurring due to the activities of a governmental employee who provides health care or is a law enforcement officer. NMSA §§ 41-4-5 to 12. The University is a governmental entity and is, therefore, covered under the TCA. NMSA § 41-4-3 (B) and (H); *Buchwald v. Univ. of N.M. Sch. of Medicine*, 159 F.3d 487 (10th Cir. 1998).

Neither Knight's nor Scallen's counterclaims fall within the ambit of the TCA's express waivers of immunity. The Court thus finds all of Knight's and Scallen's counterclaims are barred under the TCA.

**VII.** *Conclusion*

Although the Court determined that Knight's counterclaim for breach of fiduciary duty and Scallen's counterclaim for breach of duty are compulsory counterclaims, they are barred upon application of both contract and tort statutes of limitations. They are also barred, as they do not fall under the TCA's express waiver of immunity for governmental agencies.

Knight's and Scallen's other counterclaims are barred not only because they are not compulsory but also due to statute of limitations and TCA defenses. The Court, therefore, dismisses Defendants' counterclaims in their entirety.[7]

Wherefore,

IT ORDERED that Defendant Knight's and Defendant Scallen's counterclaims are dismissed in their entirety.

Dated June 18, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] The Court acknowledges the Federal Circuit's determination that Defendant Knight's counterclaim for royalties is compulsory. As such, it is not included in this Opinion's dismissal of Defendants' counterclaims.

Attorneys for Plaintiff:

    Paul Adams, Esq.
    Stephen A. Slusher, Esq.
    PEACOCK, MYER & ADAMS, P.C.
    Albuquerque, New Mexico

Defendants:

    Galen D. Knight, *pro se*
    Albuquerque, New Mexico

    Terence J. Scallen, *pro se*
    Borrego Springs, California